## ABDO v. ZERO AIR, Inc.

No. 21220. Opinion Filed Nov. 22, 1932.

Rehearing Denied Dec. 27, 1932.

Ho't & Kopplin, for plaintiff in error.

Massingale, Duff & Manatt, for defendant in error.

CULLISON, J. The plaintiff, Zero Air, Inc., instituted suit against George Abdo, defendant, seeking to recover the balance due on a contract for the purchase of a certain milk cooling machine.

Defendant filed his answer in which he raises two questions: First, that the machine was not as warranted; and second, that the contract was procured by fraud, to which answer plaintiff filed a reply.

The case was tried and resulted in judgment favorable to plaintiff, from which judgment defendant appeals to this court.

Defendant first contends that oral evidence was admissible to show that, notwithstanding the execution of the written conditional sales contract sued upon, there was an oral and implied warranty in the sale of said machine.

The record discloses that plaintiff and defendant entered into an agreement relative to the sale of said machine on April 22, 1928, which instrument was in writing and signed by both parties. Said instrument contains the statement: "This order states the entire agreement for the purchase of said goods and is not modified by any verbal agreement." Said instrument also contained three paragraphs stating the guaranty upon said machine and the conditions necessary for the performance of all conditions of said guaranty.

This court has passed squarely upon the question under consideration in the case of Moline Plow Co. v. Wilson, 74 Okla. 89, 176 P. 970:

"When a sale is accompanied with a written warranty in such terms as import a legal obligation, without any uncertainty as to the object or extent of such warranty, nor as to extent of liability or remedy if

such warranty fail, both parties are conclusively bound by its terms, and are entitled only to the relief contained in its provisions."

The above authority is conclusive of said contention made by the defendant and substantiates the judgment of the trial court.

Defendant's second contention is that plaintiff used fraudulent representations as an inducement to obtain the execution of the contract, and fraud vitiated the contract.

The record discloses that the machine was purchased and installed the latter part of April, 1928; that the last payment was made on the machine November 30, 1928, and that shortly thereafter defendant left the machine full of water and that the same froze and was materially damaged.

No attempt was made to use the machine thereafter nor to make payments upon the same, but the defendant attempted to tender the said machine to the plaintiff.

If the machine was not working as contended by defendant, it would seem strange that he had not refused to make payments upon the same and returned the machine at an earlier date.

The trial court heard all of the evidence in said cause, and was satisfied as to all matters placed in issue.

The trial court found favorable to plaintiff, and we do not believe that the record makes a showing that would justify a reversal of said cause.

The judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.